**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

WAYNE BERNARD PATTON, a/k/a
Bernard Patton,
          *Defendant-Appellant.*

No. 00-4625

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Lyle E. Strom, Senior District Judge, sitting by designation.
(CR-99-131-MU)

Submitted: March 1, 2002

Decided: March 28, 2002

Before WIDENER, WILKINS, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

G. Bruce Park, NIXON, PARK & GRONQUIST, P.L.L.C., Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Brian Lee Whisler, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Wayne Bernard Patton appeals his conviction for his involvement in bank robbery by force, in violation of 18 U.S.C. § 2113(a) (1994), bank robbery with a dangerous weapon, in violation of 18 U.S.C. § 2113(d) (1994); and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (1994). Finding no error, we affirm.

Patton contends the district court erred in admitting statements he made to a police investigator. Although Patton objected to the admission of his statements at trial, he failed to file a pretrial motion to suppress the statements. Rule 12(b)(3) of the Federal Rules of Criminal Procedure requires that motions to suppress evidence be made *before* trial. *United States v. Wilson*, 115 F.3d 1185, 1190 (4th Cir. 1997) (emphasis added). Any failure to file a pretrial motion to suppress constitutes waiver of the objection unless the defendant can demonstrate just cause for the failure. Fed. R. Crim. P. 12(f); *United States v. Ricco*, 52 F.3d 58, 62 (4th Cir. 1995).

Patton contends he failed to file a pretrial motion to suppress because defense counsel never knew of the evidence in question due to the Government's failure to disclose the police report containing the statement. Because Patton "was personally aware of the police action which led to their acquisition of the evidence, he is responsible for informing his counsel of those facts, and a 'communications gap' in that regard will not be recognized as good cause." *Ricco*, 52 F.3d at 62. Because Patton failed to raise this issue before trial and has not shown good cause for his failure, we find no error in the district court's admission of his statements.

Accordingly, we affirm Patton's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*